Rulfin, C. J.
 

 For the plaintiff it has been argued, that the-Court erred in leaving it to the jury, without evidence, to find that the defendant was so drunk at the time he executed the deed, as not to know what he was doing, or was fraudulently imposed on by having been induced to sign one paper, when he supposed he was signing another. The Court has looked through the evidence stated in the case, and, if that be all that was given on the trial, we own that we should entertain doubts whether it amounted to any evidence upon those points, and certainly, if any, it is, after the clear testimony of the subscribing witnesses to the facts of the execution and delivery .of the deed and the defendant’s capacity to contract, so very feeble, as to render it somewhat surprizing, that the jury should have given a verdict on it.—
 
 *314
 
 gut in the state of this case, we cannot interfere with the verdict oil this objection. It has been repeatedly declared, that this Court cannot correct the errors of the jury in finding a verdict without or against evidence, or against law, but must leave it to the discretion of the judge, who tiied the case.
 
 Long
 
 v Gantly, 4 Dev. &. Bat. 313.
 
 Terrell
 
 v
 
 Wiggins,
 
 1 Ired. 172. We can deal only with the errors of the judge; and,.it is t-rue,' it is-erroneous to submit an en-quiry of fact to-the jury, to which there is no evidence in the case. But, as to that we have to say in this case, that the plaintiff took no exception at the trial nor on Iris motion for a new trial; and, consequently, we cannot suppose the evidence to have been stated but with a view to the objections raised. The plaintiff’s motion for a new trial was on the ground, that the verdict was against- evidence and law, and not because the Court left a point to them without evidence-.
 

 We likewise think his Honor properly refused'to act on the statements contained in the bill in the Court of Equity, filed by the present defendant; and that for several reasons. But it is sufficient to say, that the plaintiff did not offer it upon the trial, but brought it forward first on the motion for a new trial.
 
 Gibson
 
 v
 
 Partee, 2
 
 Dev. & Bat. 530.
 

 Upon the question
 
 of
 
 evidence, however, our opinion doe3 not concur with that of his Honor. After objection a witness was allowed-to state, that the defendant’s education was so defective, that he could not write well enough to keep mercantile books, and. was not suited’ to carry on mercantile business. It seems to us,, that evidence was irrelevant to any enquiry before the jury, and- tended to mislead that body. The defence was rested on the points, that the defendant was so drunk as not to know that he executed the deed, or. was fraudulently deceived- by having one paper imposed on him, when he thought he was executing another.— It may. be supposed, now, that there was evidence to raise those points; yet, we think, that the evidence objected to does not at all tend to establish them, and was therefore improperly. received. The instrument, which the defendant
 
 *315
 
 executed, was a deed of trust, whereby he corcveyeddo the plaintiff, among other things, the slave for which this action is brought, for the purpose of securing the payment oí a debt of g!475, therein acknowledged to be owing by the defendant to J. and A. Reed. It is not distinctly stated, how that debt arose; and, nothing being said to the contrary, it is to be deemed a just debt. It certainly will not, in the opinion of any person, impeach a security for a just debt, that the person giving the security is neither a 'Competent accountant nor a skilful merchant. But, as the witnesses stated, that, immediately after the execution oí the deed, the defendant began to sell goods from the shop, which had before belonged to J. and A. Reed, we suppose the truth of the case to be,-that the debt in question arose out of a purchase by the defendant from J..& A. Reed of that establishment, in which the defendant, as alleged by him, was drawn into a disadvantageous bargain, in respect to the price of the goods, and induced to embark in a business for which he was not qualified. As tending to establish a fraud of that kind, the evidence under consideration would have been pertinent and proper, and, accompanied by other proofs of the actual inequality of the bargain, and of a contrivance of the other party to draw the defendant into it, might afford a proper ground for relief in another
 
 forum,
 
 in which the deed of trust, subsequently made
 
 by
 
 the defendant, though held valid because executed voluntarily by one having capacity to contract, would be sustained as a security only for what the defendant ought-really to pay. But that is a distinct species of fraud, and one calling for a different kind of redress, from that which- was the subject of enquiry before the jury in this caso. The fraud here alleged, and the only fraud that could be alleged in this action, was in procuring from the defendant the execution of the deed ; and to that point it was immaterial, whether there was or was not imposition on the defendant in the original contract of sale.— And the evidence was not only irrelevant, but tended to perplex the jury as to the true point for their consideration ; which was, the defendant’s capacity to contract when he ex
 
 *316
 
 ecuted the deed of trust and his knowledge of the instrument he was executing, and not the equality or inequality of the prior purchase. A jury does not readily, and, perhaps, is not naturally inclined to distinguish between the two species of fraud, and is apt to import an undue advantage, taken in one part of a transaction, into their consideration of a subsequent and distinct part of it, however, fair, in itself, the latter may be. But it is manifest, that the purposes of justice require, that they should be kept asunder, and, therefore, that evidence tending to confound them ought not to be given to the jury. For nothing could be more unjust, than to hold this deed void upon the ground merely of imposition in the original contract of sale of the goods ; since the effect would be, that the defendant would keep the goods bought by him, and, probably, now disposed of, and at the same time get clear of the security for the price, which ho subsequently and voluntarily executed.
 

 Per Curiam. Judgment reversed and new trial awarded.