NATHAN SIMMONS v. DEFIANCE BOX COMPANY.

(Filed 19 October, 1910.)

1. Deeds and Conveyances—"Color"—Adverse Possession—Period of—Termination.

When title is out of the State, one who enters upon a tract of land asserting ownership under a deed sufficiently defining its boundaries and constituting color of title, and continues in the

SIMMONS *v.* BOX COMPANY.

exclusive possession for seven consecutive years, acquires the
title, and it is not necessary that such claim and possession
should have been next preceding institution of a suit.

2. Deeds and Conveyances—"Color"—Adverse Possession—Outer
Boundaries.

One in adverse possession of lands, asserting ownership under
a deed, having a house thereon and cultivating a small field with-
in the boundaries of his deed under which he holds color of title,
holds adverse possession of the lands described in his deed to its
outer boundaries.

3. Same—Ripening Title.

When one enters under a deed, constituting color of title to a
tract of land contained within the boundaries of a valid grant, or
coterminous with it, and occupies any portion of the tract, assert-
ing ownership of the whole, there being no adverse occupation of
any part, the force and effect of such occupation is extended to
the outer boundaries of his deed, and, if exclusive and continu-
ous for seven consecutive years, will ripen into an unimpeachable
title to the entire tract.

4. Same—Senior Grantee.

When the junior grantee claims title against the senior grantee
of lands embraced in a "lappage" caused by the description in
their grants by reason of adverse possession under "color," and
has introduced evidence tending to show possession on the lap-
page, his possession, by construction of law, extends to the boun-
daries of his deed or grant upon which he relies, and is not con-
fined to so much thereof as may have been in his occupation, if
the senior grantee had no actual possession of the "lappage."

5. Deeds and Conveyances — Possession — Trespasser — Right of
Action.

One in the exclusive possession of a tract of land can maintain
trespass *quare clausum fregit* against the casual entry of a mere
wrongdoer, even before his title matures.

6. Deeds and Conveyances—"Color"—True Title—Adverse Posses-
sion—Lappage—Inferior Title.

The principle of constructive possession operates only in favor
of the true title, and such possession is not interrupted or im-
paired because of a deed of some adjoining claimant, under an
inferior title, extending its description so as to overlap the lands
thus held.

APPEAL from *Peebles, J.,* at the February Term, 1910, of
CRAVEN.

Civil action to recover damages for wrongfully cutting timber on lands of plaintiff.

At the close of plaintiff's testimony and of the entire testimony there was motion by defendant to nonsuit plaintiff under statute; motion overruled and defendant excepted.

The court charged the jury, and on issues submitted the following verdict was rendered:

1. Is plaintiff entitled to recover of the defendant damages for the trespass alleged in the complaint? Ans., Yes.

2. If so, what amount? Ans., $522.

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*W. D. McIver, R. A. Nunn* for plaintiff.
*Simmons, Ward & Allen, H. L. Gibbs* for defendants.

HOKE, J. The objection urged for error to the validity of this trial was to the refusal of the court below to nonsuit the plaintiff, and this chiefly on the ground that plaintiff had failed to offer evidence sufficient to establish title to the *locus in quo,* but we are of opinion that the objection cannot be sustained. The plaintiff introduced a grant from the State to one Francis Hill bearing date 25 July, 1716, and proved that this grant conveyed the land in controversy and all the land embraced and described in plaintiff's deed. Plaintiff further introduced deeds covering the land in controversy, and as set forth in the complaint, one from Leander Gilbert to Miles Jones, bearing date 1 August, 1893, and the second from Miles Jones to plaintiff, bearing date 27 December, 1897, and offered evidence tending to show that plaintiff, and those under whom he claimed, had been in the possession of a portion of this land, asserting ownership of the entire tract under these deeds for seven consecutive years prior to the institution of this suit and prior to the trespass complained of, the actual occupation having been of about 20 acres of cleared land and seemingly a tenement house within the boundaries of plaintiff's deed, as some of the witnesses speak of the claimants having lived on the land. Plaintiff further proved that about 1906 defendant company had entered upon the land and cut and carried away the timber from about 87 1-2 acres of

the land and offered evidence to prove the amount of damages sustained by reason of the alleged trespass.

Defendant introduced in evidence a grant to John Gray Blount for about 7,000 acres of land, purporting to be in Carteret County, bearing date in 1795, and a line of mesne conveyances from the heirs of John Gray Blount to defendant company, and proved that the descriptive lines of these deeds covered the 87 1-2 acres of land where the cutting was done, and that there had never been any actual occupation on this portion of the land by plaintiff or those under whom he claimed. There was no evidence of any entry or possession of the defendant or any of its grantors upon the 87 1-2 acres prior to the time of the cutting complained of. Nor do we find any available testimony of such entry or possession within the boundaries of the John Gray Blount grant prior to that time, certainly none prior to 1904, "when L. M. Baltes, superintendent of defendant company, called as a witness for plaintiff, testified on cross-examination that the first time he went on the company's land was in 1904." Upon this state of facts, we think that the trial judge properly refused to nonsuit plaintiff and correctly charged the jury as he did in substance on the question of title, "That if the jury were satisfied by the greater weight of the evidence, that plaintiff Nathan Simmons and those under whom he claimed were in possession of the land, asserting ownership under these deeds for seven consecutive years prior to defendant's entry, such occupation would mature title to the land contained in said deeds. That if such occupation and possession was for seven years or more continuously—not just before suit was brought, but continuously one after another for a period of seven years—it would mature title. And further, that if the jury find that plaintiff was in possession of any part of this land by having a house on it and cultivating that little field, that such occupation and possession would extend his claim to the outer boundaries of his deed, etc."

It is well established with us that when title is out of the State, one who enters upon a tract of land asserting ownership under a deed sufficiently defining its boundaries and constituting color of title, and continues in the exclusive possession for seven consecutive years, acquires the title, and it is not necessary that such

claim and possession should have been next preceding institution of a suit. *Gilchrist v. Middleton,* 107 N. C., p. 663: *Christenburg v. King,* 85 N. C., p. 230. Our decisions are also to the effect that "where one enters under a deed, constituting color of title to a tract of land contained within the boundaries of a valid grant, or coterminous with it, and occupies any portion of the tract asserting ownership of the whole, there being no adverse occupation of any part, the force and effect of such occupation is extending to the outer boundaries of his deed, and if exclusive and continuous for seven consecutive years, will ripen into an unimpeachable title to the entire tract." The case suggested constitutes a lappage on the owner to the entire extent of the claimant's deed and brings the case under the principle so clearly stated by *Associate Justice Walker,* in *Currie v. Gilchrist,* 147 N. C., p. 648, and in which it was held: "When the junior grantee claims title against the senior grantee of lands embraced in the 'lappage' caused by the description in their grants by reason of adverse possession under 'color' and has introduced evidence tending to show possession, his possession, by construction of law, extends to the boundaries of his deed or grant upon which he relies, and is not confined to so much thereof as may have been in his actual occupation and possession, if the senior grantee had no actual possession of the 'lappage.'" And the position is sustained and illustrated by many other decisions of the Court on the subject, as *Boomer v. Gibbs,* 114 N. C., p. 76, and others.

The principle stated is not affected by the casual entry of a mere wrongdoer. Our cases hold that one in the exclusive possession of a tract of land under color can maintain trespass *quare clausum fregit* against such a person even before title matures. *Myrick v. Bishop,* 8 N. C., p. 485: *Osborne v. Ballew,* 34 N. C., 373. In *Myrick's case, supra, Taylor, Chief Justice,* said: "The plaintiff having a deed covering the land where the trespass was committed and being in possession of a part within the boundaries of his deed, was in the actual possession of the whole." And in *Osborne v. Ballew, supra,* it was held: "That an entry under a deed into a part of a tract of land shall as against a mere wrongdoer be considered as an entry into the

whole, it not appearing that any one else has possession of any part." Nor is its operation interrupted or impaired because the deeds of some adjoining claimant, under an inferior title, may extend their description, also, over a portion of the lappage, there being, as stated, no adverse occupation of any part of the lappage on the part of such a claimant. The principle of constructive possession is never allowed to operate except in favor of the true title, and in the case of *McLean v. Murchison,* 53 N. C., p. 38, to which reference was made as supporting defendant's position, it will be noted that the John Gray Blount grant, which was allowed the effect of confining the adversary claimant to his actual occupation, constituted the older and true title, and the ruling was made because such claimant did not show any occupation of the lappage on the true title. In the case at bar the John Gray Blount grant bore date in 1795 and the superior title was that under Francis Hill, whose grant was dated in 1716. Under a charge, free from error and in substantial accord with the decisions referred to, the jury have found that plaintiff and those under whom he claims had an unimpeachable title by reason of open and exclusive possession under color and actual occupation of lappage on the true title for seven consecutive years, and that such title had ripened to the outer boundaries of plaintiff's deed covering the *locus in quo* before any entry by defendants or those under whom they claim on any part of the interference. There is no error and the judgment for plaintiff is therefore affirmed.

No error.