JOEL K. MINTZ v. J. E. RUSS AND WIFE.

(Filed 2 April, 1913.)

1. Deeds and Conveyances — Registration—Title—Possession—Evidence—Nonsuit—Interpretation of Statutes.

Where in an action to recover lands it appears that the *locus in quo* was included in the plaintiff's deed made prior to the deed under which the defendant claims, which latter deed also included the lands in dispute, and was registered first, and from plaintiff's own evidence he had never been in actual possession of the lands in dispute; and it appears that it had been lived on and cultivated by the defendant and those under whom he claimed for a period of many years, both parties claiming under a common source of title, it is *Held*, that defendant's deed, being

first registered, gave him the superior title (Revisal, sec. 980) ; and there being no evidence of plaintiff's possession on the lappage, Revisal, sec. 383, does not apply.

2. **Deeds and Conveyances — Boundaries — Lappage — Constructive Possession—Color of Title—Actual Possession.**

> The principles obtaining which allow the one in possession under a deed claimed as color of title to show constructive possession to the outside boundaries of the deed, including a lappage of lands embracing the *locus in quo*, do not apply where there is adverse occupation of the lands contained in the lappage in the other party to the controversy, and the party claiming under "color" has never exercised any control over the lands amounting to acts of ownership or possession.

APPEAL from *Bragaw, J.,* at September Special Term, 1912, of BRUNSWICK.

Action of ejectment. At close of plaintiff's evidence, on motion, there was judgment of nonsuit, and plaintiff excepted and appealed.

*C. Ed. Taylor for plaintiff.*
*Cranmer & Davis for defendants.*

HOKE, J. Plaintiff introduced a deed from McDowell Russ to Dexter Russ, dated 17 January, 1876, registered March, 1910; a deed or binding contract covering same land from Dexter Russ to plaintiff, dated in 1880, registered October, 1907. Plaintiff further introduced deed from McDowell Russ to defendant, dated January, 1905, registered February, 1908, and, as we understand the record, the evidence on the part of plaintiff tends to show that the *locus in quo* lies on the east of the Fork and Starboard Road and same is included within the lines of plaintiff's deed; that plaintiff's house is on this land, but west of said road, and plaintiff has lived there or occupied it by his tenants continuously from or about the time of the date of the deed in 1877, under which plaintiff claims, but that he has never at any time occupied or "exercised any possession" of the portion of his boundary lying east of the said road; that defendant had entered on the land east of the road, being the *locus in quo,* about 25 acres, and had built his house and occupied same since his entry in 1890, and, in January, 1905,

his father, McDowell Russ, made defendant a deed and same was duly registered in February, 1908; that prior to defendant's entry his father, McDowell, had exercised possession and control of the land, asserting ownership of the land lying east of the road, and his widow's home house being also on that side. Upon this, the evidence chiefly relevant, we are of opinion that the judgment of nonsuit should be sustained. The defendant's deed from the common source of title having been first registered, he has the superior legal claim (*Combes v. Adams,* 150 N. C., 64; Revisal, sec. 980), and there is not only no testimony *tending* to affect this position by reason of adverse possession on the part of plaintiff, but his own evidence tends to show that he has not been seized or possessed of the land at any time within twenty years next before action brought. *Houston v. Smith,* 88 N. C., 312; Revisal, sec. 383. True, as plaintiff contends, when one enters on a tract of land, asserting ownership, under a deed having definite lines and boundaries, such occupation and the effect of it will ordinarily be extended to the outside boundaries of his deed, but this principle is only allowed to prevail when and to the extent that there is no adverse occupation of the lappage in another. *Stewart v. McCormick, post,* 625; *Simmons v. Box Co.,* 153 N. C., 257. In the present case, there has been adverse possession of the lappage, apparently from the time that plaintiff took his original bond for title from Dexter Russ in 1877, and, according to his own statement, plaintiff has never "worked or exercised any possession east of the Fork and Starboard Road," and in the sales he has made of portions of the land he has always stopped at the road as his eastern boundary.

There is no error, and the judgment of nonsuit is
Affirmed.