JOSEPH RAY v. N. E. ANDERS ET ALS.

(Filed 13 December, 1913.)

1. Deeds and Conveyances — Color of Title — Boundaries—Adverse Possession—Limitations of Actions—Trials—Nonsuit.

Where one enters on a tract of land under a deed having known and visible lines and boundaries, and occupies any portion of the tract, asserting ownership of the whole, there being no adverse occupation of any part, the force and effect of such occupation will be extended to the outer boundaries of his deed, and if exclusive and continuous for seven consecutive years, the title being out of the State, such possession will ripen into an unimpeachable title to the entire tract.

2. Same—Intermittent Possession—Trespasser—Trials—Nonsuit.

A casual or intermittent interruption of the possession of one who occupies land under a deed conveying it under known and

visible boundaries is insufficient to defeat his title when otherwise his possession for seven years has ripened it to the whole of the lands thus conveyed; nor can this right be defeated by one occupying adjacent lands without evidence of claim of color, whose actual possession extends only to a clearing not included in the *locus in quo* (*Haddock v. Leary,* 148 N. C., 378, cited and distinguished) ; and, upon the evidence in this case a judgment of nonsuit should not have been granted.

APPEAL by plaintiff from *Carter, J.,* at October Term, 1913, of BUNCOMBE.

'Civil action to recover land. At the close of plaintiff's evidence, on motion, there was judgment of nonsuit. Plaintiff excepted and appealed.

*Lee & Ford for plaintiff.*
*Zeb V. Curtis for defendant.*

HOKE, J. Plaintiff introduced a grant of the State covering the land in controversy to Alexander Penland, dated 12 December, 1832, registered 22 February, 1837. And further, two deeds, also covering the land in controversy, one from J. A. Brookshire, sheriff of Buncombe County, to Charles Moore and others, dated 8 September, 1893, and the second from Moore *et al.* to plaintiff, 12 September, 1893.

Plaintiff, a witness in his own behalf, testified that at the time he purchased the land in 1893 he entered into possession under his deed, put a tenant on it, had some of it cleared, and has been in continuous possession every year from that date, renting it to Mr. Hodge and Frank Lunsford, who cultivated it. That he had been in possession of the whole tract, had cut timber on it and used it ever since he had it, with the exception hereinafter stated. That a part of the land, to the amount of about 13 acres, lay on the west side of a mountain ridge, the plaintiff's clearing being on the eastern side, and there was no marked line on the top of this ridge which divided the property; but not long after the plaintiff entered and made his clearing, that is, about seventeen years ago, one Mose Fox entered on that portion of the land lying west of the mountain ridge and cleared

about 3 acres; that soon after that this clearing was abandoned and the land thrown out; that since that time there had been casual trespassers on the land, and part of that clearing may have been cultivated for a short time; that there had been only about 4 or 5 acres in the clearing, and the rest of the 13 acres were in wood. But there had been no entry or assertion of ownership as to the entire portion of land lying west of the ridge until the spring of 1912, when the defendants entered on the land, took possession of it to the top of the mountain, putting the same under fence.

On these, the facts chiefly relevant, we think the issue should have been submitted to the jury.

It is the established principle in this State that when one enters on a tract of land under a deed having known and visible lines and boundaries and occupies any portion of the tract, asserting ownership of the whole, there being no adverse occupation of any part, the force and effect of such occupation will be extended to the outer boundaries of his deed, and if exclusive and continuous for seven consecutive years, the title being out of the State, such possession will ripen into an unimpeachable title to the entire tract. *Simmons v. Box Co.,* 153 N. C., 257; *Currie v. Gilchrist,* 147 N. C., 648.

Accepting the testimony making for plaintiff's claim as true, and we are required so to accept it when an order of nonsuit has been entered, the title to this land was shown to be out of the State, and the plaintiff has been in possession, asserting ownership under his deeds from their date in September, 1893. True, the portion of land actually in cultivation by him and his tenant was on the eastern side of the ridge, but he exercised acts of ownership of different kinds throughout the entire boundary. And there is nothing in the facts brought out on a cross-examination of the plaintiff which necessarily interrupts the operation of the principle as stated, or prevents the maturing of his title to that portion of land within his boundary lying west of the ridge.

As to the land cleared by Moses Fox, it seems to have been abandoned the first year after it was made, and if there was

further occupation of this clearing, the evidence permits the interpretation that it was of such a casual and intermittent character that it would not necessarily serve to break the continuity of plaintiff's possession. Speaking to this question in *Simmons v. Box Co., supra,* the Court said: "The principle stated is not affected by the casual entry of a mere wrongdoer. Our cases hold that one in the exclusive possession of a tract of land under color can maintain trespass *quare clausum fregit* against such a person even before title matures. *Myrick v. Bishop,* 8 N. C., 485; *Osborne v. Ballew,* 34 N. C., 373. In *Myrick's case, supra, Taylor,* C. J., said: "The plaintiff having a deed covering the land where the trespass was committed and being in possession of a part within the boundaries of his deed, was in the actual possession of the whole." And in *Osborne v. Ballew, supra,* it was held: "That an entry under a deed into a part of a tract of land shall as against a mere wrongdoer be considered as an entry into the whole, it not appearing that any one else has possession of any part." And if a different view should be allowed to prevail as to this clearing on the west of the mountain, there was no deed or color of title shown by defendants which defined or limited his claim, nor was there any evidence of a marked line along the top of the ridge dividing the property, and on the facts in evidence the occupation of this clearing, even if it existed, would be confined to the clearing itself, the *possessio pedis,* and the plaintiff would have shown a *prima facie* title to the remaining portion of the land. *Bynum v. Thompson,* 25 N. C., 578.

The position is not affected by the case of *Haddock v. Leary,* 148 N. C., 378, to which we are referred by defendant's counsel. In that case the parties had agreed upon a line defining the limits of the claim, and it was held that the claimant of the land under color will not be presumed to be in possession coextensive with the boundaries of the deed under which he claims when it is made to appear that by agreement of the one under whom he claims and with the statutory period, a division line was run excluding therefrom the land in dispute. But there is nothing of this kind in the present case. Plaintiff testi-

fies that he entered under his deed, asserting claim to the whole tract, and, as stated, there is nothing developed in the cross-examination of the plaintiff which necessarily prevents the operation of the general principle that his occupation of the property under such a claim will extend to the outer boundaries of his deed, certainly not as to a portion of the disputed land. The judgment of nonsuit must be set aside, and the cause submitted to the jury.

Reversed.