This is an action against the Roper Lumber Company to recover damages for cutting certain timber on the land described in the complaint, and against the administrator and heirs of Jefferson Lanier to recover the purchase price of the same.
In 1898 John T. Batts, who was then the owner of the land, executed a deed purporting to convey the same to the plaintiff, who was then under twenty-one years of age. This deed was not registered until 5 February, 1904. On 27 November, 1902, the said Batts sold this land and other lands to Jefferson Lanier and executed a deed to the said Lanier purporting to convey the same, which deed was registered on 27 December, 1902, prior to the registration of the deed to the plaintiff.
On 6 April, 1906, the said Jefferson Lanier sold the timber on said lands to the Blades Lumber Company for $12,000, and executed his deed conveying the same, which was registered 11 April, 1906, and thereafter the Blades Lumber Company sold and conveyed said timber to the defendant, the Roper Lumber Company.
The plaintiff became twenty-one years of age on 29 February, 1910, and this action was commenced 27 October, 1916.
The plaintiff claims that the land conveyed to him in 1898 was embraced in the deed to Jefferson Lanier in 1902 by fraud, and that therefore he is entitled to recover damages of the Roper Lumber Company for cutting the timber; and if this is not so, that he should recover of the administrator and heirs of Jefferson Lanier the purchase money paid by the Blades Lumber Company.
The defendants deny fraud and plead the ten and three years statutes of limitations, to which the plaintiff replies that he discovered the facts constituting the fraud within three years before this action was commenced. The plaintiff knew on 5 February, 1904, that the land he *Page 214 
claims and which is described in the complaint was included in the deed to Jefferson Lanier.
It was admitted that the Blades Lumber Company paid Jefferson Lanier $12,000 for the timber conveyed in its deed, and there is no allegation in the complaint that the Blades Lumber Company had notice of any fraud or irregularity or that he knew of the execution of the deed to the plaintiff by Batts.
The allegations in the complaint as to the Roper Lumber (203) Company are that it knew the value of the timber lands of Jefferson Lanier, and did not pay near their value; that it knew of the existence of the deed to the plaintiff at the time of its purchase, and that Jefferson Lanier had bought for much less than the real value, and that the plaintiff was in possession of the land at the time of the purchase.
It is also alleged that at the time of the cutting of the timber in 1916 the Roper Lumber Company had notice of the pendency of an action by the plaintiff against the heirs of Jefferson Lanier to set aside the deed executed to him by Batts in so far as it interfered with the deed executed to the plaintiff in 1898, which action resulted in a judgment for the plaintiff.
The allegations of fraud against the administrator and heirs of Jefferson Lanier are that Lanier bought from Batts for much less than the true value; that Lanier knew of the deed to the plaintiff when he bought; that his contract with Batts was for the purchase of the lands owned by Batts and was not intended to cover the lands conveyed to the plaintiff in 1898, and that Lanier had the land surveyed and included in the deed all of said land.
It is also alleged that Batts was an ignorant man and unskilled in business, and that he was induced to sign the deed by the deceit of Lanier, but it is not alleged that Batts could not read or that any act or representation of Lanier induced the execution of the deed which he signed.
Upon the admissions made by the parties and upon the pleadings his Honor rendered judgment in favor of the defendants, holding that the Roper Lumber Company was the owner of the timber, and therefore not liable in damages, and that the cause of action against the administrator and heirs of Jefferson Lanier was barred by the statute of limitations, and the plaintiff excepted and appealed.
The two causes of action alleged in the complaint — one against the Roper Lumber Company to set aside the deeds under which it claims and recover damages for cutting the timber on the land, and the other against the administrator and heirs of Jefferson Lanier to recover the purchase money of the land — are inconsistent and cannot be prosecuted at the same time, as one repudiates the deed executed to the Blades Lumber Company and the other affirms it; but as there is no objection made on the ground of a misjoinder, we will consider the causes of action separately, although we might dispose of the appeal as to the Lumber Company by the admission of the (204) plaintiff appearing in the judgment that "in this action he is undertaking to follow the fund received by Jefferson Lanier from said Blades Lumber Company for said timber, to recover his proportion thereof from the administrator and heirs at law of the said Jefferson Lanier, defendants herein, upon the grounds set out in his complaint," which he cannot do except upon the ground that the Blades Lumber Company acquired title to the land which it passed to the Roper Lumber Company. He cannot claim the purchase money of the land and also the land and timber. If, however, there was one action against the lumber company alone to recover damages for cutting the timber, would the plaintiff be entitled to recover? The answer to the question depends on who had the title to the timber at the time it was cut, and this requires some investigation into the allegations of fraud.
Assuming these allegations to be sufficient, they consist in an allegation that Lanier knew of the deed to the plaintiff when he bought; that the plaintiff was then in possession of the land; that Lanier had the land surveyed and included the plaintiff's land in his deed, and that he induced Batts to sign the deed by deceit.
There is no allegation that Batts could not read or that anything was said or done to prevent him from reading the deed before signing, or that the deed was read to him incorrectly, or that he did not sign the paper he intended to sign, and if fraud is alleged it falls within the class of fraud in the treaty or consideration which renders the instrument voidable, and not fraud in the factum.
"An instance of fraud in the factum is when the grantor intends to execute a certain deed and another is surreptitiously substituted in the place of it. See Gant v. Hunsucker and Nichols v. Holmes, ubi supra. Another instance is afforded by the case of a deed executed by a blind or illiterate person, when it has been read falsely to him upon his request to have it read. 2 Black Com. 304; Manser's case, 2 Coke's Rep. 3. These authorities show that the party was fraudulently made to sign, seal and deliver a different instrument from that which he intended, so that it could not be said to be his deed. Several of the cases *Page 216 
in our Reports, referred to above, furnish examples of what is meant by fraud in the consideration of the deed, or in the false representation of some matter or thing collateral to it. In all of them it will be seen that the party knowingly executed the very instrument which he intended, but is induced to do so by means of some fraud in the treaty or some fraudulent representation of pretense. In this category is included the case of a man who can read the instrument which he signs, seals and delivers, but refuses or neglects to do so. Such a man is bound by the deed at law, though a court of equity may give relief against it." (205) McArthur v. Johnson, 61 N.C. 319, approved in Medlin v. Buford, 115 N.C. 269; Griffin v. Lumber Co., 140 N.C. 519.
If so, and there was fraud, the deed from Batts to Lanier was valid until set aside and conveyed the title under the Connor Act, because it was registered before the deed to the plaintiff (Mintz v. Russ, 161 N.C. 538), and this is true although Lanier had notice of the plaintiff's deed, as "No notice to purchaser, however full and formal, will supply the place of registration" (Quinnerly v. Quinnerly, 114 N.C. 145, approved in Tremainev. Williams, 144 N.C. 116), and although the plaintiff was in possession of the land, the protection given under the proviso to Rev., sec. 980 (Connor Act) to those in possession under an unregistered deed or against those having notice of the deed, being restricted to cases where the deeds were executed prior to 1 December, 1885. Collins v. Davis, 132 N.C. 109. See Wood v. Lewey, 153 N.C. 402, and cases cited for a discussion of these principles.
Lanier then, having obtained the title, conveyed the timber to the Blades Lumber Company for value, and there being nothing on the face of the Lanier deed to put the lumber company on notice, and no allegation that it had notice of any fraud, it was a purchase for value without notice, and its title was indefeasible, and when it subsequently conveyed to the Roper Lumber Company the latter company acquired the title of its vendor, although it might have had notice of fraud, and having title to the timber there can be no recovery against it.
"This principle, that a purchaser with notice from one without notice is protected by his vendor's want of notice, is a familiar one and does not seem to be seriously questioned by counsel. Bassett v. Norsworthy, 2 White T. Lead. Cas. Eq. 31, notes; 1 Bigelow Frauds 402; Taylor v. Kelly, 3 Jones Eq. 240; Wallace v. Cohen, 111 N.C. 103." Arrington v. Arrington,114 N.C. 166. See 39 Cyc. 1650.
We have thus far considered the appeal in the most favorable light for the plaintiff, but there are really no sufficient allegations of fraud, of which the Roper Company is said to have had notice, and the allegations against Lanier are defective. It was not fraudulent in Lanier to have the land surveyed or to buy with knowledge that the plaintiff held *Page 217 
an unregistered deed for a part of the land conveyed to him, or when the plaintiff was in possession, and the allegation that Batts was induced to sign the deed by deceit, without stating the facts, is insufficient as "It is a fundamental rule of pleading that when a plaintiff intends to charge fraud he must do so clearly and directly, by either setting forth facts which in law constitute fraud or by charging that conduct not fraudulent in law is rendered so in fact by the corrupt or dishonest intent with which it is done." Merriman v. Paving Co., 142 N.C. 552.
The cause of action against the administrator and heirs of Jefferson Lanier is barred by the statute of limitations, as it (206) appears that the plaintiff knew his land was embraced in the deed to Lanier in 1904 and the deed to the Blades Lumber Company was on record in 1906, and he attained his majority in 1910, more than three years before this action was commenced. Sanderlin v. Cross,172 N.C. 243.
Affirmed.
Cited: Dye v. Morrison, 181 N.C. 311; Newbern v. Leigh, 184 N.C. 167;Manning v. R. R., 188 N.C. 664; Eaton v. Doub, 190 N.C. 19; Colt v.Kimball, 190 N.C. 171; Furst v. Merritt, 190 N.C. 402; Hoggard v. Brown,192 N.C. 496; Parker v. Thomas, 192 N.C. 803; Hawkins v. Carter,196 N.C. 540; Bender v. Tel. Co., 201 N.C. 357; Smith v. Land Bank,213 N.C. 346; Dorman v. Goodman, 213 N.C. 412; Turner v. Glenn,220 N.C. 625; Bruton v. Smith, 225 N.C. 587.