CIVIL HAYES v. WILLIAMSON-BROWN LUMBER COMPANY.

(Filed 4 November, 1920.)

1. **Deeds and Conveyances—Adverse Possession—Presumptions—Outer Boundaries—Boundaries—Title.**

   When, in an action of trespass *quare clausum fregit*, the plaintiff's evidence tends to show that he and those under whom he claims, have been in sufficient adverse possession of a part of the *locus in quo* under a paper chain of title antedating that set up by the defendant, an adjoining owner, who had about two years prior to the commencement of the action entered upon the lands and had cut timber therefrom, claiming that the plaintiff's deed did not cover it, and the evidence thereon is conflicting: *Held,* an instruction is correct, that the rights of the parties depended largely on whether the boundaries of plaintiff's deed, by correct location, covered the land in dispute, under the principle that when one enters possession of a part of the lands within the boundaries of his deed, claiming the ownership of the whole, there being no adverse occupation of any part, the force and

effect of such occupation will be extended to the outer boundaries of his deed, and his sufficient adverse possession will ripen his title to the whole. *Ray v. Anders*, 164 N. C., 311, cited and applied.

**2. Same—Trespass—Wrongdoer—Lappage.**

   The principle that extends the possession of one entering a part of the lands within the boundaries of his deed, or to the outer boundaries therein given, is not affected by the fact of a casual entry of a wrongdoer, nor by a lappage created merely by a line of deeds covering the land, without more, when the opposing deeds do not contain the true title. *Currie v. Gilchrist*, 147 N. C., 648, cited and applied.

CIVIL ACTION of trespass *quare clausum fregit*, tried before *Allen, J.*, and a jury, at August Term, 1919, of COLUMBUS.

On issues joined, the jury rendered the following verdict:

"1. Is the plaintiff the owner of the land in dispute?   Answer: 'Yes.'

"2. Did the defendant wrongfully and unlawfully enter upon said lands and cut and remove the timber therefrom, as alleged?   Answer: 'Yes.'

"3. What damage, if any, is the plaintiff entitled to recover of the defendant?   Answer: '$156.25, interest to be added.' "

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Schulken, Love & Schulken and Donald McRackan for plaintiff.*
*L. V. Grady and H. L. Lyon for defendant.*

HOKE, J.   On the trial plaintiff offered in evidence a line of deeds, beginning in 1829, the last one purporting to convey the property to Sallie Hayes in 1872.   There was also testimony on the part of plaintiff tending to show that Sallie Hayes died in 1880; that plaintiff was her child and heir at law, or one of them, and that she and those under whom she claims had been in the actual occupation of the land, asserting ownership under these deeds, having known and visible lines and boundaries, and including the *locus in quo* for forty-nine or fifty years; that about two years before action instituted, defendant company had entered on forty or fifty acres of the land and wrongfully cut the timber therefrom, amounting to about one hundred thousand feet, etc.

Defendant put on evidence a deed from J. B. Williamson to the company, dated in 1907, for a large tract of land, also a deed from the sheriff of the county to said Williamson, dated in 1904, purporting to convey the same tract pursuant to a tax sale in which the land therein conveyed was sold for taxes as the property of Abram Vann, and deeds therefor to this Abram Vann, dated in 1854 and 1855, and offered testimony tending to show that plaintiff's deeds did not cover the land in

controversy, but that same was in the deeds held by defendant; and further, that the amount of timber cut was not near so great as plaintiff claimed.

Upon this, the opposing evidence of the parties, his Honor, in substance, charged the jury, among other things, in reference to the claim of ownership and possession of property on the part of plaintiff, that when one entered and occupied a tract of land, asserting ownership under deeds having known and visible lines and boundaries, the law would ordinarily extend the force and effect of his possession to the outer boundaries of his claim as set forth in his deeds, and on the facts in evidence, if accepted by the jury, the determination of the rights of the parties would depend largely on whether the boundaries of plaintiff's deeds by correct location covered the land in dispute. This ruling of the court is in accord with our decisions on the subject, and under it the jury, accepting plaintiff's version of the controversy, have rendered a verdict in her favor, and we find no valid reason for disturbing the results of the trial. *Ray v. Anders*, 164 N. C., 311-313; *Simmons v. Box Co.*, 153 N. C., 257; *Currie v. Gilchrist*, 147 N. C., 648; *McLean v. Smith*, 106 N. C., 172; *Bynum v. Thompson*, 25 N. C., 578; *Osborne v. Ballew*, 34 N. C., 373; *Myrick v. Bishop*, 8 N. C., 485.

In *Ray v. Anders* the principle is stated as follows: "It is the established principle in this State that when one enters on a tract of land under a deed having known and visible lines and boundaries, and occupies any portion of the tract, asserting ownership of the whole, there being no adverse occupation of any part, the force and effect of such occupation will be extended to the outer boundaries of his deed, and if exclusive and continuous for seven consecutive years, the title being out of the State, such possession will ripen into an unimpeachable title to the entire tract. *Simmons v. Box Co.*, 153 N. C., 257; *Currie v. Gilchrist*, 147 N. C., 648."

These and other cases hold further that the operation of the principle is not interfered with by the casual entry of a mere wrongdoer, nor by a lappage created merely by a line of deeds covering the land without more, unless these opposing deeds contain the true title. Thus, in *Simmons v. Box Co., supra*, it was held, among other things: "That one in the exclusive possession of a tract of land can maintain trespass *quare clausum fregit* against the casual entry of a mere wrongdoer even before his title matures," and further, "That the principle of constructive possession operates only in favor of the true title, and the force and effect of an actual and exclusive occupation of land is not interrupted or impaired because of a deed of some adjoining claimant under an inferior title extending its description so as to overlap the lands thus held." And the well considered case of *Currie v. Gilchrist, supra*, is in full approval of these positions.

Under these principles correctly laid down by the court, the jury, as stated, have established plaintiff's title and right of possession to the outer boundaries of her deed, covering the land in dispute, and this being true, the question of whether plaintiff had been seen in the actual physical possession of that portion of her property, that being a question excluded by his Honor becomes immaterial.

We find no error in the trial of the cause, and judgment for plaintiff is affirmed.

No error.