### L. E. DYE v. ROBERT MORRISON AND WIFE.

(Filed 4 May, 1921.)

**1. Deeds and Conveyances—Registration—Leases—Notice.**

The owner of the fee by a registered chain of title is not affected with notice of a ninety-nine-year lease under which an adverse party claims from a common source until the registration of the lease, no other notice being sufficient under the provisions of our statute, C. S., 3309.

**2. Same—Possession of Lessee.**

The mere possession of the *locus in quo* under an unregistered ninety-nine-year lease is not sufficient notice to the owner of the fee under a valid paper chain of title. C. S., 3309.

**3. Same—Limitation of Actions.**

The statute of limitations does not begin to run in favor of the lessee in possession under a ninety-nine-year lease of lands until the registration of the lease, as against the owner of the fee under a paper chain of title from a common source. C. S., 3309.

APPEAL by defendants from *McElroy, J.,* at December Term, 1920, of RICHMOND.

Civil action of ejectment, commenced in July, 1920. Upon trial in the Superior Court the defendants formally made the following admissions:

That the plaintiff is the owner of the fee in the lands described in the complaint and now in the possession of the defendants; that Henry P. Gill was a common grantor; that the said Henry P. Gill, on 29 May, 1896, conveyed the said lands to D. M. Morrison, which deed was duly registered in the office of the Register of Deeds for Richmond County on 8 June, 1896, Book HHH, p. 153, and that said deed is in all respects regular; that plaintiff holds said lands by *mesne* conveyances from the said D. M. Morrison, all of which are properly executed and registered; that the defendants claim right to possession of a portion of said lands

described in the complaint under and by virtue of a ninety-nine-year lease from Henry P. Gill, which said lease was duly registered in the office of the Register of Deeds for Richmond County on 4 March, 1912, in Book 68, p. 582, said lease being as follows:

7 April, 1896.

STATE OF NORTH CAROLINA—RICHMOND COUNTY.

Know all men by these presents, I, Henry P. Gill, have leased a piece or parcel of land for ninety-nine years, commencing at a stake at the Nebor Road, running down the said spring branch to the said railroad; down the said railroad to the disputed line, called the Andrew J. Rogers line, and up the said line to the Nebor Road, up the said Nebor Road to the beginning corner. The said above lease to Anny J. Morrison. I herein set my hand and seal.

(Signed)    HENRY P. GILL.

I witness the within writing on the other side of the paper.

WILLIAM M. (his X mark) JONES.

That the defendants, upon execution of the said lease, entered into possession of the same until the institution of this action, but the plaintiff and those under whom he claims title, other than said Henry P. Gill and D. M. Morrison, had no actual knowledge of the existence of said lease prior to its registration in 1912.

The only defense set up in the answer is a plea of the ten-year statute of limitations. Upon the pleadings and admissions, his Honor instructed the jury that if they believed the evidence they should answer the issues in favor of the plaintiff. Defendants excepted and appealed.

*Ozmer L. Henry and W. R. Jones for plaintiff.*
*Gibbons & LeGrand for defendants.*

STACY, J. It is admitted that the plaintiff is the owner in fee of the *locus in quo,* and that he holds the same under *mesne* conveyances from Henry P. Gill, who conveyed said lands in 1896 to D. M. Morrison, plaintiff's predecessor in title, by deed regular in all respects and duly registered in the office of the Register of Deeds for Richmond County on 8 June, 1896. The defendants claim right of possession to a portion of the lands described in the complaint by reason of a ninety-nine-year lease executed by the said Henry P. Gill to Anny J. Morrison on 7 April, 1896, and under which defendants took possession, but said lease was not registered until 4 March, 1912.

The plaintiff's deed, from the common source of title, having been registered prior to the lease of the defendants, gives him the superior

legal claim under our registration laws. *Mintz v. Russ,* 161 N. C., 538; *Combes v. Adams,* 150 N. C., 64. And it has been held with us repeatedly that no notice, however full and formal as to the existence of a prior conveyance, will of itself supply the place of registration. *Fertilizer Co. v. Lane,* 173 N. C., 184; *Allen v. R. R.,* 171 N. C., 339; *Lynch v. Johnson,* 170 N. C., 110. Our statute, C. S., 3309, establishes priority of right from registration within the county where the land is situated. *Weston v. Lumber Co.,* 160 N. C., 263; *Quinerly v. Quinerly,* 114 N. C., 145.

Nor do we think the possession of defendants alone can be said to be notice of any adverse claim. *Lanier v. Lbr. Co.,* 177 N. C., 200. In *Sexton v. Elizabeth City,* 169 N. C., 385, the rule is stated as follows: "The policy of our law now is that purchasers for value should be protected as against unregistered conveyances of the same property from the vendor, as nothing but registration shall be considered notice to them of any prior deed for the land, it having grown into an axiom that 'No notice, however full and formal, will supply the place of registration' "; citing *Piano Co. v. Spruill,* 150 N. C., 168, and *Todd v. Outlaw,* 79 N. C., 235.

From the foregoing, and considering all the facts and circumstances in the instant case, it would appear that plaintiff's cause of action did not accrue until the registration of defendants' lease, and therefore is not barred by the ten years statute of limitations.

Upon a perusal of the whole record, we find no sufficient reason for disturbing the results of the trial.

No error.