J. THOMPSON WARE AND J. G. WARE v. T. B. KNIGHT.

(Filed 2 July, 1930.)

1. **Ejectment A a—Plaintiff may show title by adverse possession in action in ejectment.**

    In an action in ejectment the plaintiff may undertake to establish his title by sufficient adverse possession under known and visible lines and boundaries.

2. **Ejectment D b—In this case held: issue of fact as to line called for in deed was raised and submitted to jury under correct instructions.**

    Where both parties in an action in ejectment claim title by adverse possession, the plaintiff claiming presumptive possession to the outside

boundaries of his deed, with conflicting evidence as to the boundaries called for in the deed: *Held,* an issue of fact is raised for the determination of the jury, and where a court survey, made and used without objection of either party, is introduced in evidence, a reference to the map as the "court map" by the trial court in his charge to the jury will not be held for reversible error, it appearing that an intelligent jury must have understood the correct instructions in regard thereto.

3. **Adverse Possession A b—Constructive possession under deed having known boundaries extends to outer boundaries of the deed.**

Where one enters and occupies a tract of land under a deed having known and visible lines and boundaries, the law will ordinarily extend the force and effect of such possession to the outer boundaries of the deed, and where there is conflicting evidence as to the lines called for in the deed, the question of the amount of land occupied under presumptive possession under the deed is to be determined by the verdict of the jury as to the lines called for therein.

ADAMS, J., dissenting.

CIVIL ACTION, before *MacRae, Special Judge,* at October Special Term, 1929, of ROCKINGHAM.

This was an action of ejectment. The plaintiffs introduced a deed from Carrow, United States Marshal, to Stephen A. Douglass, dated 20 August, 1872, and recorded in May, 1874; also a deed from said Douglass to plaintiff J. Thompson Ware, dated 28 November, 1874, and recorded on 22 May, 1875. There was testimony in behalf of plaintiffs that they went in possession of the property in 1872 under a contract with said Carrow, and have lived upon said land since the purchase. The defendant claimed title under certain deeds made by Roberts and recorded in 1881, and deed from Vaughan, commissioner, recorded in 1890.

The evidence further discloses that the defendant built a small house upon the land claimed by the plaintiffs. There was also testimony by the man who built the house that it was constructed about 1906. There was testimony to the effect that the house might have been built a few years earlier than that date. The contract price for the house was $15.00 and one-third of the contract price was paid by five gallons of liquor at one dollar per gallon. The plaintiff built a shop on the land near the place where the tenant house was afterwards constructed.

There was much evidence with respect to adverse possession by both parties.

The issues were as follows:

1. "Is the plaintiff the owner of and entitled to the possession of the land shown on the court map between the red line and the solid white lines on the east and south?"

2. "What amount of damages, if any, is the plaintiff, J. Thompson Ware, entitled to recover for the wrongful detention of said land?"

3. "Is the plaintiff's action barred by the statute of limitations?"

The jury answered the first issue "Yes," and the second issue, "$150.00."

From judgment upon the verdict the defendant appealed.

*Sharp & Sharp for plaintiff.*
*Brown & Trotter and Glidewell, Dunn & Gwyn for defendant.*

BROGDEN, J. The plaintiff undertook to prove title by showing possession under known and visible lines and boundaries for twenty-one years before the action was brought. Such method of proving title in ejectment suits has been approved and established. *Mobley v. Griffin,* 104 N. C., 112, 10 S. E., 142; *Moore v. Miller,* 179 N. C., 396, 102 S. E., 627.

The defendant contended that the plaintiff had never been in actual possession of the small area of land in dispute; but, the plaintiff having gone into possession under a proper deed of conveyance older than that held by the defendant, relied upon the principle of constructive possession. The pertinent principle of law was thus stated in *Hayes v. Lumber Co.,* 180 N. C., 252, 104 S. E., 527: "That when one entered and occupied a tract of land, asserting ownership under deeds having known and visible lines and boundaries, the law would ordinarily extend the force and effect of his possession to the outer boundaries of his claim as set forth in his deeds, and on the facts in evidence, if accepted by the jury, the determination of the rights of the parties would depend largely on whether the boundaries of plaintiff's deeds by correct location covered the land in dispute. This ruling of the court is in accord with our decisions on the subject, and under it the jury, accepting plaintiff's version of the controversy, have rendered a verdict in her favor, and we find no valid reason for disturbing the results of the trial." *Ray v. Anders,* 164 N. C., 311, 80 S. E., 403.

The plaintiff contended that the line in dispute called for a Spanish oak, and the defendant contended that the proper call was a pine. A court survey had been ordered and a map was made in pursuance of such order, which was used by both parties at the trial. The contentions of the parties as to the disputed call were submitted to the jury.

Certain exceptions were taken to the charge of the court referring to what was designated as the court map. However, the record discloses that the map was used by both parties and the contentions were thoroughly arrayed in detail, and a jury of intelligent men could not have failed to understand that the location of the disputed corner depended upon whether such corner was a Spanish oak as contended by the plaintiff, or a pine as contended by the defendant.

There was ample evidence of adverse possession of the *locus in quo* by both parties. Hence, in the main, the cause was resolved into an issue of fact. This issue of fact was found in favor of the plaintiff, and we perceive in the record no error of law warranting another trial.

No error.

ADAMS, J., dissenting: This is an action for the recovery of land, superseding the former action of ejectment, but retaining certain of its features.

"In ejectment the plaintiff must recover on the strength of his own title and not on that of the weakness of his adversary; it must be good against the world or good against the defendant by estoppel. It can make no difference whether the defendant has the title or not, the sole inquiry being whether the plaintiff, upon whom rests the burden, has it. If he fails to show that he has the title and right of possession, it does not concern him what right or title the defendant has, if any, or whether he has any at all." *Pope v. Pope,* 176 N. C., 283. This statement of the law has received frequent approval of the Court. *Duncan v. Duncan,* 25 N. C., 316; *Clark v. Diggs,* 28 N. C., 159; *Mobley v. Griffin,* 104 N. C., 112; *Rumbough v. Sackett,* 141 N. C., 495; *Singleton v. Roebuck,* 178 N. C., 201; *Moore v. Miller,* 179 N. C., 396.

The various methods by which a plaintiff may establish his title are specifically set forth in *Prevatt v. Harrelson,* 132 N. C., 250, and *Mobley v. Griffin, supra.*

As pointed out in the opinion of the Court, "the plaintiff undertook to prove title by showing possession under known and visible lines and boundaries for twenty-one years before the action was brought." The action was brought on 9 November, 1914; title to the land, therefore, was not conclusively deemed to be out of the State, as provided in C. S., 426, because this section has no application to actions brought prior to 1 May, 1917.

The State will not sue any person for, or in respect of, any real property, or the issue or profits thereof, by reason of the right or title of the State to the same . . . when the person in possession thereof, or those under whom he claims, has been in possession under colorable title for twenty-one years, this possession having been ascertained and identified under known and visible lines and boundaries. C. S., 425.

Title not having been granted by the State the plaintiff could make out his case by showing open, notorious, continuous adverse and unequivocal possession of the land in controversy, under color of title in himself and those under whom he claims, for twenty-one years before the action was brought *(Moore v. Miller, supra),* or by showing adverse possession for thirty years without color. *Mobley v. Griffin, supra.* In

either event it would be necessary for him to show the requisite possession. His paper title without possession is unquestionably insufficient.

With these facts in mind, turn to the following instructions which were given to the jury and excepted to by the appellant: "As to the first issue: 'Is the plaintiff the owner of and entitled to the possession of the land shown on the court map between the red lines and the solid white line on the east and south?' If you find from the evidence and by its greater weight that the eastern line of the land described in the complaint, as shown on the court survey, extends from the northeast corner of the map as shown by the survey to the point on the court map indicated as the southeast corner, and if you find that the southern line of the land in controversy runs as shown on the court map, then you will answer the first issue Yes. Is the plaintiff the owner of and entitled to the possession of the land shown on the court map between the red line and the solid white line on the eastern side? If you find by the greater weight of the evidence, if the plaintiff has satisfied you by the greater weight of the evidence that the white line as shown on the map is the true and correct line of the land according to the description contained in the complaint, you will answer that issue Yes, and if the plaintiff has failed to so satisfy you, nothing else appearing, you will answer that issue No."

These instructions are inaccurate and defective. In substance they direct the jury to find that the plaintiff is the owner of the controverted land if certain lines are located as the plaintiff contends. But the mere location of boundaries does not entitle the plaintiff to recover land. Here the plaintiff claims under three deeds, the last from his father. His title, as stated, is dependent upon sufficient possession with or without color; but the instructions utterly disregard and ignore the question of possession. Even where one claims to occupy land and to assert title under conveyances having visible lines and boundaries, relying upon the theory that the law extends his occupation to the outer lines of his deeds, it is necessary to prove actual possession of some part of the land. But the principle by which possession is extended to the outer boundaries of a conveyance does not apply where there is a lappage and adverse occupation of the land contained in the lappage. *Mintz v. Russ*, 161 N. C., 538.

The instructions not only deprived the defendant of his legal right to insist upon this defense, but they enabled the jury to award the land to the plaintiff without proof of title in compliance with any of the recognized requirements. I think there are other errors in the record, to which it is not necessary more particularly to advert.

Because of these errors the appellant, in my opinion, is entitled to a new trial.