W. H. DAVIS AND HIS WIFE, MARGARET DAVIS, v. THE FEDERAL LAND BANK OF COLUMBIA, W. B. WILLIS AND JOSEPH DICKSON KELLY, AND P. C. CAMPBELL, GUARDIAN AD LITEM.

(Filed 5 March, 1941.)

**1. Mines and Minerals § 1—**

Title to the surface of the earth and title to the mining and mineral rights under the surface may be severed, and when severed the title to the mining and mineral rights is governed by the ordinary rules governing real property.

**2. Same: Ejectment § 9: Adverse Possession § 17—Plaintiff claiming mineral rights by adverse possession without color of title must show such possession under known and visible lines and boundaries for twenty years.**

Plaintiffs instituted this action to remove cloud on title to the mineral rights in the *locus in quo*, which had been severed from the title to the surface, and for possession of same claiming title thereto by adverse possession. Plaintiffs did not claim under paper title or under color of title. *Held:* Plaintiffs may not rely upon the weakness of defendants' title but must establish their own title good against the world or good against the defendants by estoppel, and there being no question of estoppel involved, plaintiffs must prove title to the mineral rights by adverse possession for a period of twenty years under known and visible lines and boundaries. C. S., 430.

**3. Mines and Minerals § 1: Adverse Possession §§ 3, 6—Mere prospecting does not constitute possession of mine and mineral rights.**

In order to constitute possession of mines and mineral rights the possessor must make such use of the mines and mineral rights as they are capable of, in order to show that the acts of dominion are done in the character of owner in opposition to the rights or claims of all other persons, and mere prospecting does not constitute such possession, and therefore evidence tending to show one year's mining operations and four years' work in sinking shafts, together with prospecting over a period of more than twenty years, does not show sufficient continuity of possession of the mines and mineral rights to establish adverse possession for a period of twenty years under known and visible lines and boundaries.

**4. Adverse Possession § 5—Where claim is not under color of title possessor must show possession under known and visible lines and boundaries.**

Plaintiffs introduced no evidence of title and did not claim under color of title, but claimed the mine and mineral rights in the *locus in quo* by twenty years adverse possession. Plaintiffs' evidence tended to show that they worked the fertilizer minerals at various places on the *locus in quo* for over twenty years but did not otherwise locate such work. *Held:* Since plaintiffs do not claim under color of title there can be no presumption that their possession was to the outer boundaries of their claim, and the evidence is insufficient to show adverse possession of the mining rights under known and visible lines and boundaries.

APPEAL by plaintiffs from *Rousseau, J.,* at October Term, 1940, of STOKES.

This is an action to remove cloud upon title by adverse possession to the mining and mineral rights in a certain 122½-acre tract of land in Sauratown Township, Stokes County.

There was allegation in the complaint and record evidence that the title to mining and mineral rights in the *locus in quo* had been severed from the title to the surface thereof, but there was no evidence that the plaintiffs had any record title to the mining and mineral rights. The defendants denied the title of the plaintiffs to the mining and mineral rights, and alleged that they were the owners and entitled to the possession of the *locus in quo* free from any claim or estate in the plaintiffs.

When the plaintiffs had introduced their evidence and rested their case the defendants moved to dismiss the action and for a judgment as in case of nonsuit, which motion was refused and defendants excepted; the defendants offered their evidence and renewed their motion to dismiss after all the evidence was in, which motion was allowed, and plaintiffs excepted, C. S., 567, and from judgment of nonsuit appealed to the Supreme Court, assigning error.

*J. W. Hall, D. C. Kirby, Roy L. Deal, and Benbow & Hall for plaintiffs, appellants.*
*Ingle, Rucker & Ingle for defendant Land Bank, appellee.*

SCHENCK, J. Title to the surface of the earth and title to the mining and mineral rights under the surface may be severed, and the mining and mineral rights being a part of the realty, title thereto is governed by the ordinary rules governing title to real property, and when severed they constitute two distinct estates. *Vance v. Pritchard,* 213 N. C., 552, 197 S. E., 182; *Hoilman v. Johnson,* 164 N. C., 268, 80 S. E., 249.

By virtue of C. S., 430, adverse possession of real property under known and visible lines and boundaries for twenty years gives title in fee to the possessor of such property, and this without regard to a color of title.

". . . title founded upon adverse possession of a mine will be limited to that area of which actual possession has been enjoyed." 18 R. C. L., p. 1185, Mines, Par. 93. *Glynn v. Howell,* 1 Ch. (Eng.), 666, 3 B. R. C., 405, 13 A. L. R., 375.

In ejectment the plaintiff must rely upon the strength of his own title, and not upon the weakness of his adversary's. To recover in such action the plaintiff must show title good against the world, or good against the defendant by estoppel. It makes no difference whether the defendant has title or not, the only inquiry being whether the plaintiff has it.

*Carson v. Jenkins,* 206 N. C., 475, 174 S. E., 271, and cases there cited.

In the absence of any evidence of record title or of any color of title in the plaintiffs, the sole question presented on this appeal is whether the plaintiff introduced sufficient evidence to be submitted to the jury upon the issue of their possession of the mining and mineral rights in the *locus in quo* under known and visible lines and boundaries adversely to all persons for twenty years, there being no question of estoppel involved. The judge of the Superior Court held that they did not, and with this holding we concur.

The evidence fails to show the plaintiffs' possession of any particular mine or minerals for any definite period of time, in any particular area, or under any known and visible lines and boundaries. The nearest approach to such evidence is the testimony of the plaintiff W. H. Davis, as follows: "Q. When did you commence prospecting . . . for . . . minerals? A. In 1904. Q. Then did you cease to prospect for those minerals since 1904? A. No sir. I prospected for anything I could find there of any value. Well, we drove five shafts, some of them bearing from 25 feet to 135, but regular prospecting openings in the outcroppings dozens of them. . . . The last work I done in the way of mining minerals outside of the fertilizer materials was in 1936, I believe it was. We worked at the fertilizer material continuously since we found it. Some of the people worked for me in 1904, and on down to 1906 or '07, on up to 1914, and from 1914 on to 1930, and in 1930, we did a little heavier prospecting that year than we had been at. . . . I never discontinued working at the mines and minerals since 1906, but, of course, I had to work at something else; of course it taken money to do that kind of work. Q. State about how much money you have expended? A. Around $13,000. I spent it in work and hiring men and cost of driving the slopes, material and equipment connected with it. I never closed any of the slopes after opening them. I am familiar with the boundaries of the 122-acre tract of land, know the corners and the lines. I have prospected for, worked for minerals practically all over the boundary. I worked for samples, picked up samples of different stuff and determined what it was, if it had any value. Q. All you did was prospecting except at this place where you drove those slopes, was it? A. About one year's work right there in them slopes. Elsewhere on the farm we got some openings over on the far end, but they were old openings and we reopened them and thoroughly tested them to see what was there. The large slope, large opening is near the east line of the property. Five there. Nineteen openings in all, including five over on the east line of the property. The large openings were made in 1935 or '36, I believe it was '34, '35 or '36. Q. You did no mining operations there after 1936, didn't you? A. We worked at the fertilizer material.

Q. You didn't do any digging after 1936? A. Not in them holes there. Q. You mean on the east line? A. Yes, them large pits. We worked the fertilizer materials since we closed the mine operation for coal. Haven't done anything in the big holes since 1936, because we know what is in them."

Prospecting is not making such use of mines and mineral rights as to evidence that such acts are done in the character of owner, in opposition to the rights or claims of other persons. Such use must have been made of the mines and mineral rights as they were capable of to establish title by adverse possession. *Locklear v. Savage,* 159 N. C., 236, 74 S. E., 347. About one year's work in the holes and making openings, nineteen of them, in 1934, 1935 or 1936, together with prospecting over a period of more than twenty years, does not show sufficient continuity of possession of mines and mineral rights to establish adverse possession for twenty years, under known and visible lines and boundaries.

While there is some evidence of the plaintiffs having worked the fertilizer intermittently for over twenty years, it does not establish where such work was done. At most it only tends to show that it was done at various places on the *locus in quo* without otherwise locating such work. It should also be borne in mind that the plaintiffs do not claim title by virtue of any color of title, and that therefore the law does not extend the force and effect of their possession to the outer boundaries of their claim, as it might have done had they claimed under a deed. *Ware v. Knight,* 199 N. C., 251, 154 S. E., 35; *Hayes v. Lumber Co.,* 180 N. C., 252, 104 S. E., 527; *Ray v. Anders,* 164 N. C., 311, 80 S. E., 403. This evidence is likewise insufficient to establish adverse possession of the mines and mineral rights under known and visible lines and boundaries.

The judgment of the Superior Court is

Affirmed.