ABRAM LEWIS and JAMES OVERBY v. J. R. COVINGTON and M. F. OVERBY; also R. W. GEORGE v. JAMES OVERBY.

(Decided April 10, 1900.)

*Ejectment—Reference—Report—Exceptions—Facts Found —When Conclusive—The Law Reviewable—Title Out of the State, by Grant; by Possession Under Color— Character and Duration of Possession.*

1. Where there is evidence tending to prove the facts found, and the Judge below finds the facts as the referee found them to be, they are as binding on the Court above as the findings of a jury.

2. The plaintiff claiming under a grant covering the land (dated December 31. 1888), and the defendant admitting possession, makes out a *prima facie* case for the plaintiff.

3. The case may be rebutted by showing that the title was out of the State before the grant issued, as by proving twenty-one years adverse possession under color of title before the grant was taken out: the possession need not be continuous, nor immediately preceding the suit, nor is it necessary to show under whom the possession was held to presume a grant and take the title out of the State.    It is sufficient, if by counting the time the different parties held possession, it amount to twenty-one years.

CIVIL ACTIONS (two cases, names of parties reversed, consolidated and tried as one), in ejectment, heard before *Allen, J.,* on exceptions to report of referees.

The plaintiffs, Abram Lewis and James Overby, procured from the State a grant for the land described in the complaint on December 31, 1888. This suit was commenced in 1891.

The defendants, J. R. Covington and M. F. Overby, relied upon possession under color of title of various deeds for more than twenty-one years before the date of plaintiffs' grant.

The referees found as matter of fact that the defendants' evidence did not show *continuous* adverse possession of any part of the land embraced in the grant to Lewis and Overby for a period of twenty-one years *next preceding the bringing* of their suit on the 30th day of September, 1891. As a conclusion of law they reported that the plaintiffs were entitled to recover. Defendants excepted. The report was confirmed, and judgment rendered for plaintiffs. Defendants appealed.

*Messrs. J. T. Morehead, Glenn & Manly,* for appellants.
*Messrs. Watson, Buxton & Watson, A. M. Stack,* for the appellees.

FURCHES, J. There were two actions for the same land in which the names of the parties are reversed. These actions were properly consolidated by order of court, tried together in the court below, and argued together in this Court; and in this opinion we shall treat the case as *Lewis v. Overby,* this being the first action in point of time. It is then an action of ejectment for possession of land, and after the pleadings were filed by consent of parties, it was referred to J. Y. Philip and R. D. Reid, who took evidence, and in October,

1897, filed their report. This report finds the facts which they think are involved in the controversy and necessary to determine the rights of the parties, and from the facts so found by them, they proceed to find (declare) the law arising and apply it to the facts so found. The defendants file numerous exceptions to the finding of facts, but the Judge overrules them all, and expressly finds the facts to be as the referees have found them to be. As none of defendants' exceptions are put upon the ground that there is *no evidence* to sustain them, we are bound under the rulings of this Court in many cases, to take these findings as correctly found, as we have no right to review them. *Baker v. Blevin,* 122 N. C., 190, and cases cited; 2nd Edition Clark's Code, pp. 577, 578. Where there is evidence tending to prove a fact found by the Court below in cases where the Court has the right to find the facts, they are as binding on us as are the findings of a jury.

The referees and the Court find as a fact that the Shober grants do not cover the land in controversy (except a small slip, which it is not necessary for us to notice in the opinion). They also find that no grant from the State was produced or shown, covering the land in controversy, and these findings must be taken as true. The plaintiff Lewis claims under a grant from the State, dated December 31, 1888, and it is found that this grant covers the land in controversy. The defendant having admitted that he is in possession, the introduction of this grant made a *prima facie* case for the plaintiff. But defendant undertakes to defend his title by showing possession in himself, and those under whom he claims by color of title, ripened into actual or perfect title from lapse of time, and adverse possession. To do this the defendant offered in evidence a number of deeds, commencing with a deed from Banner, sheriff, to A. D. Murphy, dated 13th December, 1815; a deed from Murphy to Thomas Ruffin,

dated June 8, 1822, and mesne deeds from Ruffin down to the defendant, which are found to cover the land in dispute. And defendant offers evidence for the purpose, and tending to show, adverse or actual possession of this land under a great number, if not all, of the parties under whom he claims, as well as that of himself and those that claim under him. He offers this evidence for the purpose of showing that the title was out of the State, in December, 1888, and for the purpose of showing title in himself. It seems to be conceded, or at least to be held by the commissioners and the Judge, that if the title was out of the State when plaintiff got his grant, he would not be entitled to recover. This is shown by their holding that plaintiff was not entitled to recover the little strip covered by the Shober grant. But whether it was so considered by the commissioners and the Court, or not, it is true that plaintiff could not recover, if the title was out of the State when he obtained his grant.

The commissioners, upon this view of the case, found as follows, VII Finding of Fact: "That evidence on the part of defendant does not show continuous adverse possession of any part of the land embraced in the grant to Lewis and Overby for a period of twenty-one years, next preceding the bringing of their suit on the 30th day of September, 1891."

From these facts so found by them, they conclude as a matter of law, that plaintiff is the owner of this land, and is entitled to recover the same; and his Honor agreeing with the commissioners, adjudges that plaintiff is the owner of the land in controversy, and that plaintiff recover the possession of the same.

The defendant excepts to the conclusion of law declared by the commissioners and the Judge, and to the judgment of the Court, and says that the findings of fact do not authorize the conclusion of law.

It seems to us that there is error in the judgment; that the finding of fact as to whether the title to the land in controversy was out of the State on the 31st day of December, 1888, did not authorize the conclusion of law that it was not out of the State.

From the language of the finding: "That the evidence on the part of the defendant does not show *continuous* adverse possession of any part of the land  *   *   *   for a period of twenty-one years *next preceding* the bringing of their suit," plainly shows to our mind that it was considered by the commissioners and by the Court that it took twenty-one consecutive years immediately preceding the suit to presume a grant, and take the title of the State. This is not the law. It was held in *Reed v. Earnhardt,* 32 N. C., 516, that it was not necessary that the possession should be continuous, nor was it necessary to show under whom the possession was held, to presume a grant, and take the title out of the State. It is sufficient, if by counting the time the different parties held possession, it amounts to twenty-one years. Code, sec. 139, must be read and construed under the light of *Reed v. Earnhardt, supra,* and like cases. The case of *Reed v. Earnhardt, supra,* is regarded by the profession as the leading case, and it has been followed in a great number of cases from that time down to *Walden v. Ray,* 121 N. C., 237, where a large number of cases are cited with approval. It is seen that *Worth v. Simmons,* 121 N. C., 357, and *Ruffin v. Overby,* 105 N. C., 78, have no bearing on this case. For the error pointed out there must be a

New trial.


There were more parties than one on each side of the case, but we have used the name of one, and the singular number for convenience.