## LEWIS v. COVINGTON.

(Filed May 20, 1902.)

1. REFERENCES—*Findings by Court—Exceptions and Objections.*

　　Where the exceptions to the findings of fact of a referee are that the findings are contrary to the weight of evidence, or not supported by the evidence, the supreme court will not review them.

2. ADVERSE POSSESSION—*Color of Title.*

　　The adverse possession of a portion of a tract of land to which claimant has a good title is not adverse as to another part of the same tract included in the deed, but not actually occupied, and to which he claimed title by possession under color of title.

ACTIONS by Abraham Lewis and James Overby against J. R. Covington and M. F. Overby, and R. W. George against heirs of James Overby, heard by Judge *H. R. Starbuck*, at October Term, 1901, of the Superior Court of STOKES County. The cases were consolidated, and from the judgment for the plaintiffs in the first action and the defendants in the second action, defendants in the first action and plaintiffs in the second appealed.

*Glenn, Manly & Hendren, J. T. Morehead* and *E. L. Gaither*, for the appellants.
*Watson, Buxton & Watson,* for the appellees.

FURCHES, C. J. This is an action of ejectment and has been here before—reported in 126 N. C., 347, as *Lewis v. Overby*. When here before a new trial was awarded the defendant, which resulted in a judgment for the plaintiff, and the defendant again appealed. The case, by consent, was referred to commissioners, and was tried upon their report and exceptions thereto. When the case was here before, a new

trial was granted because it was held below that the defend-
ant's possession and that of those under whom he claimed must
have been continuous in order to take the title out of the State.
After the opinion of this Court was certified to the Court be-
low the case was recommitted to the same referees, and they
filed another report, which was again excepted to by the de-
fendant.    But the Court overruled the exceptions, adopted
the findings of fact by the referees, and also adopted the rul-
ings of the commissioners upon the questions of law arising
upon the facts so found.    The exceptions of the defendant to
the findings of fact by the referees are, that said findings are
contrary to the weight of evidence, or that they are not sup-
ported by the evidence.    But none of the exceptions are put
upon the ground that there was *no evidence* to support them.
And this being so, we have no right to review them, and must
take them as found by the referees and the presiding Judge.
*Gudger v. Baird,* 66 N. C., 438; *Battle v. Mayo,* 102 N. C.,
413.

In 1795 Gotlieb Shober obtained two grants from the State,
one for 1,280 acres and the other for 1,920 acres.    These
lands he sold to "Tim" Pickering, and afterwards, in 1815,
they were sold by Banner, Sheriff, for taxes and bought by A.
D. Murphy.    The deed from Banner, Sheriff, to Murphy,
contained but one boundary, and included a large quantity of
land not included in either of the grants from the State to
Shober.    The plaintiff contends that the land in controversy
had never been granted until December, 1888, when it was
granted to him.    The commissioners find that the defendant
has acquired the title conveyed by Banner, Sheriff, to Mur-
phy; that the deed from Banner to Murphy and the mesne
conveyances from Murphy to the defendant over the land in
controversy.    But the grant for 1,280 acres covers no part of
the land in controversy, and the 1,920-acre grant covers only a
very small border on one side of the land in controversy.    They

further find that the defendant and those under whom he claims have had actual possession of the lands included in the 1,280-acre grant for more than twenty-one years. But they have not had actual possession of any part of the land contained in the Banner deed to Murphy *outside* of the two grants to Shober, for as much as twenty years, and that the plaintiff's grant of 1888 covers the land in dispute. From these facts they conclude as a matter of law that the plaintiff is entitled to recover.

The defendant contends that there is error in the finding that the plaintiff and those under whom he claims have not had the actual possession of the land in controversy for more than twenty years, under the rule laid down by this Court; and that this error appears from the findings of fact No. 9, which is as follows: "That the defendants and those under whom they claim have had adverse possession for more than twenty-one years of the lands embraced in the 1,280-acre grant to Gotlieb Shober." And defendant claims that the land in controversy and the 1,280-acre grant to Shober are both within the boundary of the Banner deed and the other deeds of mesne conveyances to him; that the possession of any part of the land included within the boundary of the Banner deed is the possession of the whole. And, therefore, while the commissioners *say* they find that he has not been in possession of the land in controversy for as much as twenty years, *the facts they find* show that he and those under whom he claims have been in actual possession for twenty-one years.

In this contention the defendant is in error. If the defendant had had no title, except that derived from the Sheriff's deed, his contention would have been correct; but the trouble is he had a good title to that part of the boundary of which he had the actual possession. And the rule is, to ripen a colorable title into a good title, there must be such possession and acts of dominion by the colorable claimant as will make him

liable to an action of ejectment. *This is said to be the test.*
*Everett v. Newton,* 117 N. C., 919; *Osborne v. Johnson,* 65
N. C., 22; *Worth v. Simmons,* 121 N. C., 357. Suppose the
defendant had been sued for the possession of the land in dis-
pute, the action would have failed, as it would have been
necessary to show that the defendant was in possession of the
land sued for, and this could not be done, as the defendant was
in possession of land to which he had a good title. Suppose
the complaint had included the whole boundary embraced by
the defendant's deeds from Sheriff Banner, and the plaintiff
had shown that the defendant was living on the 1,280-acre
Shober grant, the action would have again failed, for the
reason that the defendant was the rightful owner of this grant,
and had the right to occupy and use the same. The State is
in legal contemplation in possession of all ungranted lands,
not in the actual possession of some one.

It is, therefore, seen that the defendant has never been ex-
posed to an action of ejectment, which is laid down as *the test.*
And singular as it may appear to laymen, it seems that the
defendant would have been better off if he had not had a good
title to the 1,280 acres and the 1,920 acres granted to Shober,
or any of the land he claims, than he is. Or, to express it in
other words, he did not become the owner of the land in con-
troversy, because he was the owner of the other two tracts.

There is no error and the judgment is

Affirmed.