C. J. POOLE v. L. M. RUSSELL, D. T. RUSSELL, A. R. BOATWRIGHT,
AND DORIS RUSSELL BOATWRIGHT.

(Filed 22 May, 1929.)

**Evidence D a—Evidence as to identification of boundaries by parties held**
**in this case to be inadmissible as a transaction with decedent.**

Testimony of a party interested in the result of the action that the
deceased predecessor of the common source of title of the parties had
agreed as to the boundary of the lands in dispute preliminary to making
the deeds, that the deceased had the lands surveyed and that the witness
saw the deceased mark the boundary claimed by him as controlling the
description given in the deeds later made, is that of a transaction or
communication between the witness and a deceased person prohibited by
C. S., 1795, and its exclusion on the trial is not error.

APPEAL by defendants from *Oglesby, J.,* at September Term, 1928,
of MONTGOMERY. No error.

Action to recover land in which judgment was rendered for the plain-
tiff upon the following verdict: "Is the plaintiff the owner and entitled
to the possession of the land described by the lines B, C, F, E? Answer:
Yes."

*Brittain, Brittain & Brittain for plaintiff.*
*R. T. Poole for defendants.*

ADAMS, J. The plaintiff brought suit to recover a small strip of land
represented on the plat by the letters B, C, F, E. It was admitted that
he and the defendants derived whatever title they have from W. B.
Beaman as a common source. The two decisive questions were whether
the boundaries in the plaintiff's deed include the land in controversy,
and if they do, whether the plaintiff's title was barred by the adverse
possession of the defendants. Both questions were resolved in favor of
the plaintiff and from the judgment awarded the defendants appealed.

We have considered the exceptions and find that only one requires
special comment. W. B. Beaman and his wife conveyed a town lot to
Mrs. Russell on 13 February, 1904. L. M. Russell, her husband, was
introduced as a witness for the defendants and was asked this question:
"State if on the survey made 11 February, 1904, you saw the corner
established by driving down iron stakes at the corner?"

The defendants proposed to prove that on 11 February, 1904, an
actual survey was made of the lot conveyed to Mrs. D. T. Russell, and
that iron stakes were driven down at the points E and F on the plat
by W. B. Beaman and the surveyor; that corners were established and
that the witness saw Beaman drive the stakes down. Upon the plain-
tiff's objection the proposed evidence was excluded and the defendants
excepted.

One of the rules adopted for settling questions relating to the boundary of lands is thus stated in *Cherry v. Slade*, 7 N. C., 82: "Whenever it can be proved that there was a line actually run by the surveyor, was marked and a corner made, the party claiming under the patent or deed shall hold accordingly, notwithstanding a mistaken description of the land in the patent or deed." This statement is somewhat clarified in *Clarke v. Aldridge*, 162 N. C., 326: "It has long been held for law in this State that when parties, with a view of making a deed, go upon land and make a physical survey of the same, giving it a boundary which is actually run and marked, and the deed is thereupon made, intending to convey the land which they have surveyed, such land will pass, certainly as between parties or voluntary claimants who hold in privity, though a different and erroneous description may appear on the face of the deed. This is regarded as an exception to the rule, otherwise universally prevailing, that in case of written deeds the land must pass according to the written description as it appears in the instrument *(Reed v. Schenck,* 13 N. C., 415); but it is an exception so long recognized by us that it must be accepted as an established principle in our law of boundary." See *Watford v. Pierce,* 188 N. C., 430.

In asking the excluded question the appellants sought to apply this rule. The appellee's assigned ground of objection was that by virtue of C. S., 1795, the proposed testimony was inadmissible. This section provides that a party or a person interested in the event of an action shall not be examined as a witness in his own behalf or interest against a person deriving his title or interest from, through, or under a deceased person concerning a personal transaction or communication between the witness and the deceased person except under certain conditions which do not exist in this case. The appellants offered to show that certain corners and lines had been established by Beaman and Russell at the time of the survey in 1904, although the distances called for in the deed to Mrs. Russell did not extend to these intended boundaries. Beaman is dead; from him the plaintiff derived his title. Russell is a party to the action and interested in the event. The proposed testimony was therefore incompetent if it discloses a communication or transaction between Russell and Beaman. Does it reveal a communication or personal transaction or a substantive and independent fact? If it contained nothing more than what the witness saw there might be some reason for regarding it as an independent fact. *McCall v. Wilson,* 101 N. C., 598; *Lane v. Rogers,* 113 N. C., 171. But when the survey was made Beaman and Russell (Russell representing his wife) were engaged in fixing boundary lines as preliminary to the execution of the deed, and the location of the boundaries was as much a part of the contract as the execution of the deed two days afterwards. Testimony that

Beaman set the stakes at certain corners would in effect have been equivalent to testimony that the corners had been established by Beaman's consent at points beyond the calls in the deed. It is in this sense that an attempt to show that corners had been fixed by the parties beyond the distances set forth in the deed would have introduced the element of a communication or personal transaction between Russell and Beaman, making the proposed testimony incompetent. It may be noted that in *Clarke v. Aldridge, supra,* there is a strong intimation that an agreement of this character would not be binding upon purchasers for value without notice. There was no error in excluding the proposed evidence.

The remaining exceptions call for no discussion.

No error.