NORTH CAROLINA STATE HIGHWAY COMMISSION v. BELLVIE Mc-DONALD; JUANITA EVANS FERGUSON AND HUSBAND, HARRY FERGUSON; FAIRY MARTIN AND WIFE, LYLE MARTIN; NAWASSEE DICKEY MILLER AND HUSBAND, JACK S. MILLER; JOHN L. DICKEY AND WIFE, GWEN DICKEY; AHNAWAKE DICKEY BULL AND HUSBAND, CHARLES BULL; AND MRS. G. WILLIAM DICKEY

No. 7030SC180

(Filed 6 May 1970)

**Eminent Domain § 6—    value of nearby property — cross-examination of witness**

Although it was error in a highway condemnation proceeding to permit landowner's counsel to cross-examine the Commission's witness as to whether the witness knew that a named individual had sold twenty acres of his property for $12,000, there being no actual proof of the sales price, such error was not prejudicial where the named individual thereafter testified, without objection, that he had contracted to sell 76½ acres of his property for $12,000.

APPEAL by plaintiff from *McLean, J.,* 27 October 1969 Special Civil Session of CHEROKEE Superior Court.

This is a civil action brought by plaintiff for the condemnation of a portion of a tract of land owned by defendants. The only issue at trial was the amount defendants were entitled to recover of plaintiff as just compensation for the appropriation of a portion of their property for highway purposes on 30 November 1967. The jury returned a verdict of $20,000 and from judgment entered on the verdict plaintiff appealed.

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis and Trial Attorney Guy A. Hamlin for the State.*

*C. E. Hyde and Leonard W. Lloyd for defendant appellees.*

BRITT, J.

Plaintiff's sole assignment of error relates to the cross-examination of plaintiff's witness, Mark Elliott, by defendants' counsel. The questions, answers and rulings of the court complained of are set forth in the record as follows:

"MR. HYDE:    Do you know of any recent sales, do you know about the sales that Mr. Jones made of the land, yesterday —

MR. HAMLIN:    Objection. After the take.

THE COURT:    Overruled. Exception. Now members of the jury, as to what happened yesterday: you will not consider that

as bearing upon the fair market value of this property; you may consider it as bearing upon the weight and credit you'll give to the testimony of this witness.

### EXCEPTION NO. 1

MR. HYDE:  Do you know about that sale?

ANSWER:  I heard him talking about it, but I couldn't quote any of the figures.

MR. HYDE:  I'll ask you, to refresh your recollection: if he didn't give $12,000.00 for 20 acres of land in Talulla Gap —

MR. HAMLIN:  Objection.

THE COURT:  Overruled.

### EXCEPTION NO. 2

ANSWER:  I couldn't say.

MR. HYDE:  — and if it wasn't as steep as a horse's face?

ANSWER:  I heard him say it was steep, but I couldn't verify the figures."

Plaintiff contends that the type of cross-examination quoted above was held erroneous in *Carver v. Lykes*, 262 N.C. 345, 137 S.E. 2d 139 (1964). In that opinion, written by Sharp, J., we find the following:

> "* * * [T]he judge heard no evidence in the absence of the jury or otherwise made any attempt to determine whether there was a sufficient similarity between the properties to render such evidence competent. So far as the record discloses, proximity of location and the Power Company's requirement of the properties constituted the only similarity between defendant's land and those with which he attempted to compare its value. Furthermore, it was also error to permit the cross-examination of plaintiff by such questions as 'Do you know he (Moody) sold two acres to Carolina Power and Light Company for $1,375.00 an acre?' The 'utmost freedom of cross-examination' to test a witness' knowledge of values, mentioned in *Barnes v. Highway Commission, supra,* does not mean that counsel may ask the witness if he doesn't know that a certain individual sold his property for a stated sum with no proof of the actual sales price other than the implication in his question. *Bennett v. R. R.,* 170 N.C. 389, 87 S.E. 133, 16D L.R.A. 1074. * * *"

Although we adhere to the principles of law set forth in *Carver v. Lykes, supra,* and hold that the cross-examination of the witness

·Elliott above quoted constituted error, for the reasons hereinafter ·stated we do not believe such error was sufficiently prejudicial to warrant a new trial.

After Mr. Elliott testified, plaintiff called Sam W. Jones as its witness to testify as to the value of the subject property immediately before and immediately after the taking. Plaintiff concedes that Sam W. Jones is the same "Mr. Jones" referred to in the cross-examination complained of. On cross-examination, witness Jones, without objection, testified to· the following:

> "I contracted to sell some property, mountain land. I actually haven't sold it yet, but I hope it's in the process. The consideration in that transaction is seventy-six and a half acres, $12,000.00. The property is just about as rough as I've ever seen. I have not bought or sold any property down there in the vicinity of the subject property."

As was said in *Carver v. Lykes, supra,* "[t]he ·admission of this evidence without objection rendered harmless the previously admitted evidence of similar import over objection." *Price v. Whisnant,* 232 N.C. 653, 62 S.E. 2d 56 (1950). Furthermore, the cross-examination of Jones disclosed that the tract of land he was in process of selling contained 76½ acres rather than 20 acres as indicated in the cross-examination of Elliott. This had the effect of further minimizing the error.

No error.

BROCK and GRAHAM, JJ., concur.