LEVITON MANUFACTURING CO., INCORPORATED v. BUTCH MANUFAC-
TURING COMPANY

No. 7725SC878

(Filed 29 August 1978)

**Uniform Commercial Code § 27; Sales § 10.2— action for price of goods sold —
prima facie case — defendant's burden of going forward with evidence**

> In an action to recover the price of goods sold wherein defendant contend-
> ed it was overcharged for the goods, plaintiff's evidence tending to show
> delivery at invoice prices, acceptance and use of the goods by defendant buyer
> at invoice prices, demand for payment by plaintiff seller, acknowledgment of
> the debt, agreement by defendant to pay, and failure of defendant to pay,
> established a *prima facie* case for recovery of the account, and the burden of
> going forward with evidence then shifted to defendant. The trial court's find-
> ing that defendant had failed to satisfy the court by the greater weight of the
> evidence that plaintiff and defendant had agreed upon prices that differed
> from the prices plaintiff charged defendant for the goods did not constitute a
> finding that defendant had the burden of proof on the issue of price but meant
> that plaintiff's evidence had established a *prima facie* case for recovery and
> that defendant's evidence failed to overcome the weight of plaintiff's case. G.S.
> 25-2-709(1).

APPEAL by defendant from *Snepp, Judge.* Judgment entered
6 June 1977, in Superior Court, BURKE County. Heard in the
Court of Appeals 17 August 1978.

Plaintiff instituted this action to collect a $13,520.78 debt
allegedly due it by defendant. Through his answer, defendant
denied owing the debt to plaintiff. Prior to trial the parties
stipulated that defendant owed plaintiff $6,703.78 but that defend-
ant denied liability for the remaining $6,825 claimed by plaintiff.

At trial without a jury, plaintiff's credit manager, Frank J.
Voci, testified that, between 1973 and 1976, plaintiff sold equip-
ment to defendant on an open account; that since 29 August 1975,
nothing had been paid on defendant's account, which had a
balance of $13,520.78; and that defendant had promised to clear
the account on several occasions but had failed to do so. Mr. Voci
further stated that defendant had accepted all merchandise ship-
ped to it and had never complained to Mr. Voci about the pricing
of any item prior to the filing of this lawsuit. Mr. Voci had
nothing to do with the setting of unit prices and had no per-
sonal knowledge of any price agreement between plaintiff and
defendant.

Manufacturing Co. v. Manufacturing Co.

Defendant's evidence consisted of testimony by its vice president, Walter Thompson, who stated that in May 1973, he had an agreement with Jim Rosenwall, plaintiff's marketing director, to purchase Item 4158, a socket, for one year at $17.50 per hundred but that during the year plaintiff raised the price to $18.50 per hundred; that he called plaintiff about the increase and was told originally that he could deduct from the invoice the difference between the two prices but was later told that the difference would be made up in materials. Defendant paid the difference. In May 1974, Thompson negotiated another agreement for the purchase of Item 4158 at a price of $21 per hundred, a price to be firm for ninety (90) days; ninety days later the agreement was renewed; plaintiff, however, began to bill defendant at $23, then $25.50, per hundred. Defendant, according to Thompson's testimony, continued to accept the shipments of Item 4158 because it had to meet obligations to its customers. Although defendant recieved invoices with each shipment, it did not object to the overbilling immediately because defendant did not always read the invoices. According to defendant's evidence, plaintiff overbilled defendant $6,825 for Item 4158.

At the conclusion of all the evidence, the trial court found, *inter alia*, that during the periods of time that defendant contends it was overcharged for Item 4158, defendant continued to order the items from plaintiff and accepted and used them at prices clearly stated in the written invoice and that defendant had failed to satisfy the court by the greater weight of the evidence that plaintiff had agreed to charge defendant a lower price for Item 4158 than the one actually billed. The court concluded that defendant owed plaintiff the full account balance of $13,520.78. Defendant appeals.

*Patton, Starnes & Thompson, by Thomas M. Starnes, for plaintiff appellee.*

*Turner, Enochs, Foster & Burnley, by James H. Burnley, IV and E. Thomas Watson, for defendant appellant.*

HEDRICK, Judge.

Defendant's contentions are that the trial court erred by improperly shifting to defendant the burden of proof as to the price

of Item 4158 and that the evidence was insufficient to support the trial court's findings of fact regardless of the burden of proof problem. In Finding of Fact No. 5, the trial court stated:

> "(5) The Defendant has failed to satisfy the Court by the greater weight of the evidence that the Plaintiff and the Defendant had agreed upon one or more prices for the aforesaid Part No. 4158 that differed from the prices that the plaintiff actually charged to the defendant for the said Part No. 4158;"

While we believe that this finding of fact represents an unfortunate and, technically speaking, erroneous choice of language, we cannot find that it constitutes reversible error.

In an action under G.S. 25-2-709(1) for the price of goods sold, the seller must carry the burden of proof as to four elements: (1) acceptance by the buyer of the goods; (2) the price of the goods accepted; (3) the past due date of the price; and (4) the failure of the buyer to pay. In the present case, plaintiff seller presented competent evidence tending to show delivery at invoice prices, acceptance and use of the goods by defendant buyer, at invoice prices, demand for payment by plaintiff seller, acknowledgment of the debt and agreement by defendant to pay, and failure to pay. At the close of the plaintiff's evidence which established a *prima facie* case, the burden of going forward with the evidence had shifted to defendant. *Price v. Whisnant*, 232 N.C. 653, 62 S.E. 2d 56 (1950). The import of the trial court's Finding of Fact No. 5 was not that defendant had the burden of proof on the issue of price, but rather that plaintiff's evidence had established a *prima facie* case for recovery of the account and that defendant's evidence failed to overcome the weight of plaintiff's case. This result is somewhat clearer when Finding of Fact No. 5 is considered in conjunction with Finding of Fact No. 4:

> "(4) During the periods of time that the Defendant contends that the agreed price of Part No. 4158 was different from the price actually charged to the Defendant by the Plaintiff, quantities of said Part No. 4158 were ordered by the Defendant from the Plaintiff, shipped by the Plaintiff to the Defendant, accepted and used by the Defendant, and charged to the Defendant by the Plaintiff at prices clearly reflected upon the written invoices;"

In reviewing the record as a whole, we can find no error which necessitates reversing this case. The findings of fact are supported by competent evidence and, in turn, the conclusions of law are supported by adequate findings of fact.

Affirmed.

Chief Judge BROCK and Judge WEBB concur.