INVESTORS TITLE INSURANCE COMPANY v. DAVID F. HERZIG, JERRY S. CHESSON, SOUTHEASTERN SHELTER CORPORATION, LEE L. CORUM, AND EVERETT, CREECH, HANCOCK & HERZIG, A PARTNERSHIP

No. 756PA86

(Filed 7 October 1987)

1. **Partnership § 4— title certificate by attorney—liability of law partnership—ordinary course of business—issue of material fact**

     A genuine issue of material fact existed as to whether the act of a law partner in executing a title certificate in the partnership name on property owned by the partner for the purpose of obtaining a personal loan for himself was "in the ordinary course of the business of the partnership or with the authority of his copartners" so as to render the partnership liable for loss caused by the certification under N.C.G.S. § 59-43 where the evidence showed that the partner routinely executed title certificates in the partnership name to plaintiff title insurance company; the partnership received no benefit from the transaction; and the partnership agreement does not restrict the partner from certifying titles.

2. **Partnership § 4— partnership liability for contract made by partner**

     Where a contract apparently made for the purpose of carrying on partnership business is executed in the partnership name by a partner, the partnership is liable for a breach of contract even though the partner was not authorized to so act, unless the other parties to the contract had knowledge of the lack of authority.

3. **Principal and Agent § 5— scope of apparent authority**

     The scope of an agent's apparent authority is determined not by the agent's own representations but by the manifestations of authority which the principal accords to him.

4. **Principal and Agent § 5.1— general agent—scope of authority—burden of proving notice of restriction**

     The rule that under certain circumstances a person dealing with an agent must know the extent of the agent's authority does not apply when dealing with one who is a general agent. In such case, the burden is on the principal to show that the other party had notice of a restriction upon the power of the general agent.

5. **Partnership § 4— title certificate by attorney—liability of law partnership—apparent authority—justification for belief**

     In order to hold a law partnership liable for a title certificate executed by a partner in the partnership name, plaintiff title insurance company must show that in the exercise of reasonable care under the circumstances, it was justified in believing that the partnership had conferred upon the partner authority to execute the certificate on behalf of the partnership.

6. **Partnership § 4; Principal and Agent § 5.2— title certificate by attorney—apparent authority to act for partnership—issue of material fact**

Genuine issues of material fact existed as to whether a law partner's act of signing a title certificate in the partnership name was for apparently carrying on in the usual way the business of the partnership, whether the partner in fact had no authority to so act for the partnership, and whether plaintiff title insurance company had knowledge of this lack of authority where there was evidence tending to show that the partner signed the certificate on property owned by him for the purpose of obtaining a personal loan for himself; plaintiff title insurer knew that the certificate of title related to a personal loan for the partner; defendant law partnership had no knowledge of the partner's act and received no benefit from the transaction; defendant partnership routinely and on many occasions executed certificates of title to plaintiff signed by the partner who signed the certificate in question; defendant partnership never notified plaintiff that its partner did not have authority to execute certificates of title on behalf of the partnership; and plaintiff relied upon the fact that in certifying title to the property, the partner signed the certificate on behalf of the partnership. If the partner's act was for apparently carrying on in the usual way the business of the partnership, the partnership is bound thereby unless the partner in fact had no authority to so act for the partnership and plaintiff had knowledge of this lack of authority. N.C.G.S. § 59-39(a).

Justices MITCHELL, WEBB and WHICHARD did not participate in the consideration or decision of this case.

ON plaintiff's petition for discretionary review of the decision of the Court of Appeals, 83 N.C. App. 392, 350 S.E. 2d 160 (1986), which affirmed summary judgment for defendant partnership by *Herring, J.,* at the 30 January 1986 session of Superior Court, DURHAM County. Heard in the Supreme Court 10 September 1987.

*Mount White Hutson & Carden, P.A., by James H. Hughes and Stephanie C. Powell, for plaintiff-appellant.*

*Womble, Carlyle, Sandridge & Rice, by G. Eugene Boyce, and R. Daniel Boyce for Everett, Creech, Hancock & Herzig, defendant-appellee.*

MARTIN, Justice.

We hold that summary judgment was improperly granted for defendant law firm and therefore reverse the decision of the Court of Appeals.

The rules governing the granting of summary judgment are familiar learning and it would serve no useful purpose to repeat them here. *Rorrer v. Cooke*, 313 N.C. 338, 329 S.E. 2d 355 (1985).

The relevant facts are: Defendant Herzig, at that time a licensed attorney and partner in the firm of Everett, Creech, Hancock & Herzig, issued, in the name of the partnership, a certificate of title to plaintiff of property in Vance County owned and mortgaged by Herzig. The title insurance was for the benefit of The Planters National Bank and Trust Company, which had made a personal loan to Herzig of $30,000 secured by a mortgage on the Vance County property. The exhibits indicate that the title certificate was executed on a form of plaintiff's as follows:

| Everett, Creech, Hancock & Herzig | [typed] |
| --- | --- |
| Approved Attorneys | [printed] |

| By | s/ David Herzig | |
| --- | --- | --- |
| | Member of Firm | [printed] |

Part of the property reverted because of the violation of a reversionary clause. The violation had not been disclosed to plaintiff. Herzig defaulted on the loan and the bank's loss was paid by plaintiff, for which plaintiff now sues.

Two questions arise in determining the correctness of the entry of summary judgment for the defendant partnership.

[1]  First, does a genuine issue of material fact exist as to whether the act of Herzig in executing the title certificate on property owned by him and for the purpose of obtaining a personal loan for Herzig was "in the ordinary course of the business of the partnership or with the authority of his copartners." N.C.G.S. § 59-43 (1982). This statute provides:

Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

The evidence does not directly answer this question. The evidence does show that Herzig was a partner in the law firm and routinely executed title certificates in the partnership name to the plaintiff. Other evidence shows that Herzig's action was to get a personal loan for himself, that he did certify title to property he owned, that the partnership received no benefit from the transaction, and that the partnership agreement does not restrict Herzig in certifying titles.

We find that from the evidence and lack of evidence a genuine issue of material fact does exist with respect to this first question. Summary judgment was improper as to this question. *See Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974) (jury question whether law firm was liable for misappropriation of funds received by partner for investment purposes).

We must also resolve the second question: does a genuine question of material fact exist as to whether Herzig had apparent authority to sign the certificate of title as agent for the defendant law partnership.

N.C.G.S. § 59-39(a) provides:

> (a) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority.

[2, 3] Where a contract apparently made for the purpose of carrying on partnership business is executed in the partnership name by a partner, the partnership is liable for a breach of the contract even though the partner was not authorized to so act, unless the other parties to the contract had knowledge of the lack of authority. *Brewer v. Elks*, 260 N.C. 470, 133 S.E. 2d 159 (1963). The scope of the agent's apparent authority is determined not by the agent's own representations but by the manifestations of authority which the principal accords to him. Restatement (Second) of Agency § 27 (1958). Apparent authority is that authority

which the principal has held the agent out as possessing or which he has permitted the agent to represent that he possesses. *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795.[1]

**[4]** Although under certain circumstances a person dealing with an agent must know the extent of the agent's authority, this rule does not apply when dealing with one who is a general agent. In such case the burden is on the principal to show that the other party had notice of a restriction upon the power of the general agent. *Id.; Bank v. Oil Co.*, 157 N.C. 302, 73 S.E. 93 (1912). Herzig, as a partner in the defendant law firm, was a general agent of the firm. Therefore, the defendant law firm has the burden to show that plaintiff had notice of a restriction upon Herzig's power to bind it.

Further, this Court has held with respect to apparent authority that where one of two persons must suffer loss by the fraud or misconduct of a third person, he who first reposes the confidence or by his negligent conduct made it possible for the loss to occur, must bear the loss. *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795; *R.R. v. Lassiter & Co.*, 207 N.C. 408, 177 S.E. 9 (1934); *Railroad v. Kitchin*, 91 N.C. 39 (1884).

**[5]** Finally, in order to hold the principal liable, plaintiff must show that in the exercise of reasonable care under the circumstances, it was justified in believing that the principal had conferred upon Herzig authority to execute the certificate on behalf of the partnership. *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795; *R.R. v. Lassiter & Co.*, 207 N.C. 408, 177 S.E. 9.

**[6]** We now turn to the application of these rules of law to this case. The certificate of title was executed in the name of the law partnership by Herzig, then a partner. Therefore, if Herzig's act was for apparently carrying on in the usual way the business of the partnership, the partnership is bound thereby, *unless* Herzig in fact had no authority to so act for the partnership *and* plaintiff had knowledge of this lack of authority. N.C.G.S. § 59-39(a) (1982).

Plaintiff knew that the certificate of title related to a personal loan for Herzig. Defendant partnership argues this is sufficient evidence to find as a matter of law that Herzig's act was not

---

1. This opinion contains an excellent analysis of the law of apparent authority.

for carrying on the business of the partnership. We disagree, but do find that the evidence creates a genuine issue of material fact on this question. The affidavits of defendant partnership tend to support a finding that the law firm had no knowledge of Herzig's act and that it was done solely for his personal benefit. To the contrary, plaintiff's evidence showed that the defendant partnership routinely and on many occasions executed certificates of title to plaintiff signed by Herzig. Further, plaintiff's evidence showed that defendant partnership had never notified plaintiff that Herzig did not have authority to execute certificates of title on behalf of the partnership and that plaintiff relied upon the fact that in certifying title to the property Herzig signed the certificate on behalf of the partnership.

The mere fact that the law firm did not receive any benefit from the issuance of the certificate of title is not controlling. *See Brewer v. Elks*, 260 N.C. 470, 133 S.E. 2d 159. There may be many valid partnership acts that fail to benefit a partnership.

The conflicts and lack of evidence are sufficient to defeat both the plaintiff's and the partnership's motions for summary judgment. We hold there are genuine issues of material fact as to whether Herzig's act was without authority and, if so, whether plaintiff had knowledge of such lack of authority or was reasonably justified in believing that Herzig had authority to bind the partnership in executing the certificate of title under the existing circumstances.

The decision of the Court of Appeals is reversed and the case is remanded to that court for remand to the Superior Court, Durham County, for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Justices MITCHELL, WEBB and WHICHARD did not participate in the consideration or decision of this case.